No. 9449.

### BROWN v. NORTON.

SUPREME COURT.—*Evidence.— Verdict.—Account.—Set-Off.*—Where, on the trial of an action upon an account, to which a set-off is pleaded, the evidence is conflicting, and a verdict is returned disallowing the account, and for the defendant for the amount of his set-off, the Supreme Court will not disturb it.

From the Laporte Circuit Court.

*J. A. Love, J. Bradley* and *J. H. Bradley,* for appellant.

*L. A. Cole,* for appellee.

BLACK, C.—The appellee, who was the defendant, recovered judgment against the appellant, who was the plaintiff, in an action commenced before a justice of the peace.

The complaint consisted of an account of two items, one for two heifers, at twenty dollars each, and the other for certain

services rendered and money paid at the appellee's request, amounting to twenty-five dollars.

The appellee pleaded, by way of set-off, two claims against the appellant, one for nineteen dollars and fifty cents, based upon a common-law award, and the other for thirty-seven dollars expended by the appellee in the payment of taxes upon certain real estate which had been conveyed and warranted in the statutory form by the appellant and his wife to the wife of the appellee, said taxes being a lien thereon at the time of the conveyance, and the appellant having promised to repay the amount so expended.

There was a verdict for the appellee, for fifty-six dollars and fifty cents, the full amount of his claims, the appellant's account being wholly disallowed.

The only question discussed by counsel is that involved in the action of the court in overruling a motion for a new trial, and of the reasons assigned for a new trial the only one urged here is, that the verdict is not sustained by sufficient evidence.

As to the second item of the appellant's account, that for services rendered and money paid, the testimony is conflicting, and therefore this court can not disturb the conclusion of the jury concerning it.

The sale and delivery of the cattle mentioned in the first item, and the price claimed for them, were clearly established, and the jury could not have found otherwise. There was some testimony tending to prove that the cattle were sold on credit, and that payment was not yet due. They were sold by the agent of the appellant to the appellee, at an auction, by the terms of which time was given for a period which had not yet expired. Whether by special agreement there was a modification of these terms in this regard, except one which was dependent upon the happening of an event which failed, does not clearly appear from the testimony, which is set out in narrative form. Certainly the jury found that the debt was not due, and it would be a usurpation of the jury's province for us to determine otherwise.

The evidence showed that the appellee was entitled to recover nineteen dollars and fifty cents upon the award pleaded, and as the motion for a new trial did not question the amount of the recovery, it is unnecessary for us to determine whether the evidence tended to establish his right to recover a larger amount.

The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the costs of the appellant.